FRANKLIN,
*January,*
1831

Hubbard
*vs.*
Ricart.

---

## WILLIAM M. KEYES *vs.* JOHN G. CARPENTER.

Where A received certain promissory notes of B against a third person, in payment for services rendered for B, on terms to return them if not paid, it was held that A was not obliged to receive the articles, in which the notes were payable, at a greater price than the cash value.

In such case, A, having returned the notes to B, and charged the services on book, is entitled to recover for the same in an action of book account.

B must not be permitted to derive benefit from a false representation made to A, by the signer of said notes, in defendant's presence.

This was an action of *book account*, in which judgement to account was rendered in the county court; the cause sent to auditors; their report returned to said court in favor of the defendant; and judgement was rendered for the defendant on that report; to which exceptions were taken by the plaintiff, and the cause brought to this Court. The auditors made a special report of the facts, which came up as a part of the record, and which was in substance as follows: That the defendant agreed with the plaintiff for him to remove one Powers to the westward, where he was going, at the rate of $2,75 a day, and receive his pay in cabinet ware—that the plaintiff performed the services and called upon the defendant for his pay in the fall of the year 1828—that the defendant showed the plaintiff two notes in favor of said Powers; one of them for a bureau, without naming the price—that the plaintiff and defendant both went to Van Alstine, the signer of this note, and examined a bureau, which was then unfinished. Van Alstine affirmed, that this bureau, when finished, would be worth thirty dollars, according to the usual price; but his grain price was $28,00. The next day the defendant delivered this note, and one other note, to the plaintiff in payment for his said services;

BB

FRANKLIN,
January,
1831.
.Keyes
vs.
Carpenter.

reckoning the said note for a bureau at $28. The plaintiff accepted these notes in satisfaction for his services, if paid ; if not paid, the plaintiff was to return them to defendant. Before the bureau was furnished, the plaintiff informed Van Alstine, that he *had* said notes, and should soon call for the pay—that, after the bureau was completed, the plaintiff called, and Van Alstine turned it out to the plaintiff, finished according to contract. The plaintiff said it was not such a bureau as he wanted ; and he procured a person to appraise it, who appraised it at $16,00. And on the hearing before the auditors, Van Alstine testified, that $18 or $20 was the price of such a bureau. The plaintiff forthwith returned said notes to the defendant, who refused to receive them ; soon after which this suit was commenced. The auditors decided that this was payment of the plaintiff's demand.

After argument,

HUTCHINSON, C. J., pronounced the opinion of the Court.— But little need be said in disposing of the question about the two dollars, allowed the defendant as charged by him. It appears by the report that the plaintiff owed that sum to Caldwell, and the defendant owed plaintiff ; and it was mutually agreed between the three, that the defendant should pay Caldwell, and the turn be made all around. It seems to have become an agreement executed—a change of debtors ; and, on that account, the actual payment to Caldwell being after the commencement of this action, makes no difference ; especially, as the statute requires all accounts to be audited down to the day of hearing.

The only question of importance raised, is, whether the plaintiff's account has been legally satisfied, paid, or discharged, by his receiving the notes and the tender of the bureau, &c. as stated in the report, and decided by the auditor, and affirmed by the county court.

We have found some difficulty in agreeing among ourselves upon this question. The report says nothing whether the plaintiff and defendant were alike ignorant of the value of such a bureau as was shown to the plaintiff in presence of the defendant, and afterwards turned out by Van Alstine in payment of the note ; or whether both were alike ignorant, what sort of a bureau was promised by the note itself. But the case presents Van Alstine perpetrating a gross fraud, of which the plaintiff was the dupe, and the injury of which he must sustain, unless he can recover in this action. And, if the note, while in the possession of the de-

FRANKLIN,
*January,*
1831.

Keyes
*vs.*
Carpenter.

fendant, was worth but $16 or $18, and he, through the agency of Van Alstine, can palm it upon the plaintiff for $28, the defendant would take the benefit of the plaintiff's loss.

By the terms of the contract, if this note was not paid, the plaintiff's account was not paid. A bureau was tendered, which the plaintiff did not receive. He assigns as a reason, that he was fraudulently dealt with about the value of this article, when he concluded to receive this note, payable in a bureau; and that he has now discovered the fraud, and will not sustain such a loss in this manner. And, truly, he had a right to be off, any time before the business was closed, if he was thus defrauded, and made the discovery in season to be off. He was not obliged to receive the bureau at such a loss. But it is said, that the defendant committed no fraud. Van Alstine was the man to be blamed, if any, and he turned out such a bureau as answered his contract with Powers, which was contained in this note. But Van Alstine said what he did in presence of the defendant. And it is not unfair to consider Van Alstine, under all the circumstances reported in this case, as uttering a falsehood for the benefit of the defendant, in his presence; and now the defendant, in defending this suit, and claiming the benefit of that imposition upon the plaintiff, virtually makes it his own, If it be true, that Van Alstine had a right to turn out such a bureau as described in the note, in payment of that note, the defendant has no right to claim of the plaintiff, that he shall receive such pay on his account, as would amount to but half of it, unless he has become holden so to do by some fair agreement. As between plaintiff and defendant, the plaintiff was to have a bureau worth $28, and he allowed that sum for it. And when he found that one of but $16 value was to pay him $28, he had a right to refuse such payment. If the defendant, when he owned the note, was entitled to nothing in payment of it, but a bureau worth $16, Van Alstine was not liable, as between him and the defendant, to deliver one of any greater value than that. He, therefore, had no interest in fixing to the bureau, which would pay the note, any greater price than its true value, unless it were to aid the defendant to sell the note for more than it was worth. That purpose would be fully answered, if this judgement should be affirmed. Under these circumstances the plaintiff had a right to refuse the bureau, and return the notes to the plaintiff. This he has done. And this would enable the defendant to require the same pay of Van Alstine, which he might have required if the note had never been delivered to the plaintiff. The defendant loses noth-

FRANKLIN,
January,
1831.

Keyes
vs.
Carpenter.

ing by all this, except, that he fails to get that sum of twelve or fourteen dollars, of which the plaintiff came near being defrauded. The judgement, of the county court is reversed, and such a judgement must be entered as the county court ought to have rendered, to wit, that the plaintiff recover the amount of his account, except the two dollars and interest on the same since April term, 1830, and his cost of suit.

*N. L. Whittemore*, for plaintiff.

*Hunt & Beardsley*, for defendant.